**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000148
01-MAY-2019
08:27 AM**

NO. CAAP-18-0000148

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JASON HANKINS,
Plaintiff-Appellant,
v.
ANG, INC., dba McDONALD'S MANAGEMENT OF EWA BEACH HAWAI'I,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-0867)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Plaintiff-Appellant Jason Hankins (Hankins), *pro se*, appeals from the October 5, 2018 Final Judgment in favor of Defendants-Appellees ANG, INC., dba McDonald's Management of Ewa Beach Hawai'i (McDonald's), filed in the Circuit Court of the First Circuit (circuit court).[1]

We note as a threshold matter that Hankins' opening brief fails to comply with the substantive elements of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b), which alone is sufficient to affirm the judgment of the circuit court. See Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 235, 948 P.2d 1055, 1076 (1997) (citing O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 385, 885 P.2d 361, 363 (1994); Bettencourt v. Bettencourt, 80 Hawai'i 225, 228, 909 P.2d 553,

---

[1] The Honorable Bert I. Ayabe presided.

556 (1995); <u>City & Cty. of Honolulu v. Kailua Auto Wreckers, Inc.</u>, 66 Haw. 532, 533, 668 P.2d 34, 35 (1983)). Hankins' opening brief does not contain a subject index, table of authorities, "Standard of Review" section, statement of the points of error, or statement of related cases, nor does it contain a single citation to the record or include copies of the decisions from which the appeal is taken. <u>See</u> HRAP Rule 28(b)(1), (3)-(5), (7), (11).

Nonetheless, due to this jurisdiction's policy of "affording litigants the opportunity 'to have their cases heard on the merits, where possible,'" we proceed on the merits. <u>Marvin v. Pflueger</u>, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (quoting <u>Morgan v. Planning Dep't, Cty. of Kauai</u>, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004)).

To the extent we can decipher Hankins' points of error on appeal, Hankins challenges the circuit court's dismissal of this action with prejudice. Hankins appears to argue that the circuit court should not have dismissed this action with prejudice because it should have previously entered default judgment against McDonald's for its failure to respond to Hankins' May 26, 2017 affidavit, which was later treated as a non-conforming complaint against McDonald's.

"The review of a dismissal under [Hawai'i Rules of Civil Procedure (HRCP)] Rule 41(b)[2] is for abuse of discretion, and absent deliberate delay, contumacious conduct or actual prejudice, an order of dismissal cannot be affirmed." <u>In re Blaisdell</u>, 125 Hawai'i 44, 48, 252 P.3d 63, 67 (2011) (citations and original brackets omitted). "'Contumacious conduct' has been

---

[2] The circuit court did not expressly note the authority pursuant to which it dismissed the action with prejudice. However, it appears the circuit court relied on HRCP Rule 41(b)(2) in dismissing the action with prejudice based on Hankins' failure to comply with the circuit court's previous order to file an amended complaint. In a July 28, 2017 order (Order Granting Motion to Dismiss), the circuit court granted McDonald's motion to dismiss, or in the alternative, for a more definite statement, thereby dismissing Hankins' claims against McDonald's without prejudice. The circuit court ordered: "[Hankins] must file an amended complaint within 45 days of the filing of this order. If [Hankins] fails to do so, [Hankins'] claims against [McDonald's] will be dismissed with prejudice." Hankins thereafter failed to file an amended complaint and the circuit court dismissed the action with prejudice, reciting Hankins' failure to file an amended complaint. It thus appears that the circuit court's dismissal with prejudice was done pursuant to HRCP Rule 41(b)(2).

defined by this court as '[w]illfully stubborn and disobedient conduct.'" Id. at 50, 252 P.3d at 69 (quoting Shasteen, Inc. v. Hilton Hawaiian Village Joint Venture, 79 Hawaiʻi 103, 107 n.7, 899 P.2d 386, 390 n.7 (1995)). Here, the circuit court ordered Hankins to file an amended complaint within forty-five days of the filing of the Order Granting Motion to Dismiss, giving Hankins until September 11, 2017, to file an amended complaint. By that deadline, Hankins had not filed an amended complaint. Instead, Hankins filed an incoherent document purporting to be a "motion," that appears to challenge the conduct of the proceedings by the circuit court. However, this document did not include: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks[,]" as required by this jurisdiction's adherence to the notice pleading standard. HRCP Rule 8(a); see Bank of America, N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 428 P.3d 761 (2018). Thus, Hankins failed to comply with the circuit court's order to file an amended complaint.

The record indicates that the circuit court nonetheless did not dismiss this action with prejudice until February 15, 2018. Until the entry of dismissal with prejudice, Hankins continued to file several documents, none of which contained the required elements of an amended complaint.

In light of the specificity of the circuit court's instruction contained in the dismissal order, the passage of significant time in excess of the time afforded in the dismissal order, and Hankins' repeated filing of non-responsive documents following issuance of the dismissal order without any evident intent to comply with the court's instruction, Hankins appears to have willfully failed to file an amended complaint while simultaneously continuing to file motions challenging the conduct of the proceedings, in direct disobedience of the circuit court's order. Thus, Hankins' actions constituted deliberate delay and contumacious conduct. Accordingly, we conclude that the circuit court did not abuse its discretion in dismissing this action with prejudice.

Therefore, the Final Judgment entered on October 5, 2018, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, May 1, 2019.

On the briefs:

Jason Hankins
Pro Se, Plaintiff-Appellant.

Joseph A. Ernst
and Rachel K. Hoke Miyashiro
(Torkildson, Katz,
Hetherington, Harris & Knorek)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4